# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 6:16-cr-00007-1 |
| v. | MEMORANDUM OPINON |
| IVAN RODRIGUEZ CHAVEZ,<br>*Defendant.* | JUDGE NORMAN K. MOON |

Ivan Rodriguez Chavez, a federal inmate proceeding *pro se*, filed a motion to vacate his conviction under 18 U.S.C. § 924(c), Dkt. 216, which the Court construes as a motion attacking his conviction pursuant to 28 U.S.C. § 2255. Chavez has been provided notice of this Court's intent to construe his motion as one made under § 2255, pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), and he was given twenty-one days to amend or withdraw his motion or otherwise object to the Court's decision to construe it as one filed under § 2255.[1] Dkt. 219. That time has passed with Chavez having taken none of these actions. As such, the Court will adjudicate his motion as one made under § 2255. After reviewing the record, I have concluded that Chavez's motion must be dismissed as untimely.

## BACKGROUND

On January 18, 2017, Ivan Rodriguez Chavez pleaded guilty to conspiring to possess with the intent to distribute and to distributing 50 grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation

---

[1] Previously, this Court had construed Chavez's motion as one made pursuant to § 2255 without providing him the requisite *Castro* notice. Dkt. 218. The Court subsequently vacated that Order on its own motion and provided Chavez with a *Castro* notice. Dkt. 219.

of 21 U.S.C. §§ 846 & 841(b)(1)(A) (Count I), and to possession of a firearm in furtherance of a drug trafficking crime and to using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count XI). Dkt. 151 at 1; *see* Dkt. 152. On April 26, 2017, this Court entered a final judgment, sentencing Chavez to 120 months' imprisonment as to the drug trafficking charge under Count I and 60 months' imprisonment as to his firearms charge under Count XI, to be served consecutively, followed by a five-year term of supervised release. Dkt. 201.

On March 12, 2020, Chavez filed this § 2255 motion, *pro se*, asking the Court to vacate his 924(c) conviction. Because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court need not require any response from the Government. 28 U.S.C. § 2255(b).

## DISCUSSION

### A. Timeliness of Motion

A motion under § 2255 is subject to a one-year statute of limitations, which runs from the latest date on which:

> (1) the judgment of conviction becomes final;
>
> (2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *Whiteside v. United States*, 775 F.3d 180, 182–83 (4th Cir. 2014).

For purposes of the one-year limitations period under § 2255(f)(1), the defendant's

conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expired). Chavez's conviction became final on May 8, 2017, when his time to file an appeal to the United States Court of Appeals for the Fourth Circuit expired. thus, he had until May 8, 2017, to file a timely § 2255 motion. He failed to do so and so his claims are untimely under § 2255(f)(1). He does not plead any impediment to making a motion pursuant to § 2255(f)(2). He has cited no opinion of the U.S. Supreme Court that would entitle him to relief under § 2255(3). He pleads no facts that were not known at the time of his conviction or which could have been discovered in the last year through the exercise of due diligence. § 2255(f)(4).

Rather, the entirety of his motion summarizes the U.S. Court of Appeals for the Eleventh Circuit's opinion in *Mack v. United States*, 782 F. App'x 789 (11th Cir. 2019) (per curiam), which is not binding on this Court and does not have any bearing on the timeliness of his motion. The Eleventh Circuit in *Mack* overturned a district court's dismissal of a § 2255 motion raising an ineffective assistance of counsel claim under the Sixth Amendment. The *Mack* court vacated the district court's decision and remanded with instructions for the district court to hold an evidentiary hearing. *Id*. at 794. Even accepting what Chavez has stated in his motion, the only similarity between his case and the facts in *Mack* is that the firearm leading to his conviction was found in his home, not on his person. Dkt. 216 at 5 ("Chavez's case is similar to Mack's case, the gun was found . . . in Chavez's home in a closet and not on him at the same time of his arrest."). Chavez does not expressly raise an ineffective assistance of counsel claim, and the motion provides almost nothing that would bear on the merits of such a claim or would otherwise permit the court to

construe the motion as making such a claim. But even if this Court were to construe his motion as stating an ineffective assistance of counsel claim under the Sixth Amendment, his claim would be untimely for its failure to raise such a claim within one year of any of the triggers enumerated in 28 U.S.C. § 2255(f); *see United States v. Brown*, 794 F. App'x 343 (4th Cir. 2020) (per curiam) (dismissing appeal of district court's dismissal of a § 2255 motion as untimely).

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 755 F.3d 180, 184 (4th Cir. 2014) (en banc) (citations omitted). A petitioner seeking equitable tolling must demonstrate that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances beyond his control stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Chavez has pleaded no facts that would permit a court to apply equitable tolling of the statute of limitations. Moreover, as the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). In *Sosa*, the Fourth Circuit rejected the petitioner's request for equitable tolling, noting that his "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control." *Id*.

Chavez has not shown that he has been diligently pursuing his rights since sentence became final in 2017. Accordingly, I conclude that Chavez has not demonstrated any ground for equitable tolling of the statute of limitations, and I will dismiss Chavez's § 2255 motions as untimely filed.

## CONCLUSION

For the foregoing reasons, in an accompanying Order, Chavez's § 2255 motion will be dismissed as untimely.

The Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion to the parties.

Entered this 19th day of June 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE